IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Thomas Stephanos Visikides,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:11cv1233 (JCC/TRJ) |
| Director, Department of Corrections,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

Thomas Stephanos Visikides, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Juvenile and Domestic Relations District Court for the District Court of Fairfax County. On February 27, 2012, respondent filed a Motion to Dismiss and supporting brief. Respondent gave petitioner the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and petitioner has filed a response. For the reasons that follow, respondent's Motion to Dismiss will be granted and the petition will be dismissed as time barred.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Juvenile and Domestic Relations Court for Fairfax, County Virginia, entered on June 23, 2009. Pursuant to a guilty plea, petitioner was convicted of using profane language over public airways, and sentenced to twelve months in jail with ten months suspended. Case No. JA39519101-01. Petitioner did not appeal his conviction. Therefore, his conviction became final on June 13, 2009, the date on which the time for filing an appeal to the circuit court expired. See Va. Code § 16.1-132 (requiring appeal of right to be filed in the circuit court within 10 days of district court judgment).

1

On January 28, 2011, petitioner attempted to file two state habeas petition in the Supreme Court of Virginia. However, the petitions were returned to petitioner because they were not in "substantial compliance with the form required by [Virginia] Code § 8.01-655." Petr.'s Ex. 1; ECF No. 5-1. Additionally, petitioner did not remit the required filing fee for the petitions. Id. On March 1, 2011, petitioner timely resubmitted a state habeas petition to the Supreme Court of Virginia, raising the following claims:

A. Trial Court Error

1. The proper venue was not Fairfax County.

2. The trial court erred in "writing in a supplemental sheet to a protective order that [petitioner] admitted to sending threatening text messages."

B. Ineffective Assistance of Counsel

1. Counsel was ineffective for failing to subpoena copies of the text messages in question.

2. Counsel was ineffective for failing to properly investigate the law regarding threatening or obscene language over the telephone.

3. Counsel was ineffective for providing bad advice regarding whether to take a plea agreement or go to trial.

4. Counsel was ineffective for "basically forcing" the petitioner to take a plea agreement.

The Supreme Court of Virginia dismissed the petition on August 11, 2011. R. No. 110377.

On November 1, 2011,[1] petitioner filed the instant federal habeas petition, raising the following claims:

---

[1] A pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, it appears that petitioner

2

1. The Supreme Court of Virginia erred when it ruled petitioner's Claim 1 was without merit and satisfied neither prong of Strickland v. Washington, 466 U.S. 668 (1984).

2. The Supreme Court of Virginia erred when it ruled petitioner's Claim 2 was without merit and satisfied neither prong of Strickland v. Washington, 466 U.S. 688.

3. The Supreme Court of Virginia erred when they refused to address petitioner's Claim 3.

Fed. Pet. at 5-6, ECF No. 1.

## II. Statute of Limitations

Pursuant to 28 U.S.C. § 2244(d), a petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, petitioner was sentenced on June 3, 2009. Petitioner did not appeal his conviction; therefore, his conviction became final on June 13, 2009, the date on which the time for filing an appeal to the circuit court expired. See Va. Code § 16.1-132. Accordingly, petitioner had until June 13, 2010, to timely file a federal habeas petition.

In calculating the one-year period under § 2244 the Court must exclude the time during which properly filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, petitioner did not commence

---

submitted his petition to prison officials for mailing on November 1, 2011. Fed. Pet. at 7; ECF No. 1.

his first postconviction proceeding until March 1, 2011, when he filed a state habeas corpus petition in the Supreme Court of Virginia. By then, 626 had elapsed since petitioner's conviction became final, thus the federal statute of limitations had expired and the pendency of the state habeas proceeding could not toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Petitioner argues that his state habeas petition was actually filed on January 28, 2011. This argument is incorrect, however, because the January 28, 2011, state habeas petition was not "properly filed" under Virginia law, as it did not substantially comply with the form requirements of Virginia Code § 8.01-655, and petitioner did not submit the full filing fee. Petr.'s Ex. 1, ECF No. 5-1; see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (petition is "properly filed" when its delivery and acceptance are in compliance with applicable laws and rules governing filings, including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). Because the January 28, 2011, petition was not "properly filed" under state law, it could not serve to toll the federal statute of limitations. Moreover, even if the January 28, 2011, petition had been "properly filed" under Virginia Code § 8.01-655, it was filed 594 after petitioner's conviction became final, therefore the federal limitations period had already expired and the state habeas petition could

not toll the limitations period. Accordingly, this petition is time barred unless the petitioner can establish that the statute of limitations does not apply or should otherwise be tolled.

The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

In this case, petitioner argues that equitable tolling is applicable because he did not learn that his trial attorney failed to file an appeal of his conviction until April 17, 2010. More accurately, it appears that petitioner's attorney did notice an appeal, but the appeal was dismissed

on November 6, 2009 for "failure to file an appellate brief."[2] Petr.'s Resp. at 3, ECF No. 17.

Petitioner asserts that his attorney "misled" him into believing an appeal had been filed, and that

both petitioner and his family were diligent in attempting to reach his attorney regarding the

status of his appeal. Id. at 2. Moreover, petitioner states that he wrote the Court of Appeals of

Virginia on April 21, 2010, four days after he received notice that his appeal had been dismissed,

and requested "advice on what he should do as counsel [had] abandoned him." Id. at 3. On

September 15, 2010, petitioner received a response from the Court of Appeals of Virginia,

informing him that the court could not provide legal advice and that petitioner should consult an

attorney. Id. Petitioner did not seek any other form of relief while awaiting a response from the

Court of Appeals of Virginia, and he did not attempt to file a state habeas petition until January

28, 2011, more than four months after receiving the Court of Appeals' response.

Petitioner first argues that the limitations period should be tolled until at least April 17,

2010, the date on which petitioner discovered his attorney failed to file an appeal. Even if the

Court were persuaded by petitioner's argument, the federal petition would still be untimely.

From April 17, 2010, the date petitioner learned his attorney failed to file an appeal, to March 1,

2011, the date petitioner submitted a "properly filed" state habeas petition, 318 days passed.

Between August 11, 2011, the date the Supreme Court of Virginia denied the state habeas

petition, and November 1, 2011, the date petitioner filed the instant federal habeas petition, an

---

[2] In a letter from petitioner's former attorney to the Virginia State Bar, counsel explains that he filed a notice of appeal and began performing research on the issue petitioner wanted to appeal. However, after an "extensive search" it became "painfully evident that the appeal was frivolous and had no merit to go forward." Petr.'s Ex. 3, ECF No. 5-2. Thus, petitioner's former attorney explains that he "called the Court of Appeals to terminate the appeal. Since the filing deadline was imminent it was suggested to simply let the time lapse and the case would summarily be dismissed instead of going through the motion of filing an independent motion to dismiss. That seemed to make sense and would actually save Mr. Visikides additional costs." Id. According to the letter, petitioner's attorney "tried to contact [petitioner] but was not aware he had been transferred from Culpepper and was not aware of where he was at." Id.

additional 82 days passed. When these days are combined they establish that the instant petition was filed thirty-five days beyond the one-year limitations period. Therefore, the petition would still be untimely under 28 U.S.C. § 2254.

Alternatively, petitioner urges the Court to hold that the federal limitations period remained tolled until September 15, 2010, the date petitioner received a response from the Court of Appeals of Virginia informing him that it could not provide legal advice and that petitioner needed to consult an attorney. This argument is unpersuasive. It is undisputed that as of April 17, 2010, petitioner was aware that his attorney failed to file an appeal. At that time, there were no "extraordinary circumstances" "beyond [petitioner's] control" that prevented him from seeking additional relief in the Virginia state courts. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Moreover, petitioner offers no explanation as to why he waited until January 28, 2011, to attempt to file his first state habeas petition. Given these circumstances, it cannot be said that petitioner was diligent in pursuing his federal remedies. Accordingly, equitable tolling is not warranted in this case, and the petition will be dismissed as barred by the applicable one-year limitations period.

### III. Conclusion

For the above stated reasons, respondent's Motion to Dismiss will be granted and the petition will be dismissed. An appropriate Order shall issue.

Entered this 23rd day of July 2012.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia